**NIGHT BOX FILED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Northern Division

AUG 1 3 1999

CARLOS JUENKE
CLERK, USDC/SDFL/FTL

RUSSELL F. BOEHM,

    Plaintiff,

vs.

TPI, INC., d/b/a Trader Publishing
Company, a/k/a Trader Publications, Inc.,
a foreign corporation,

    Defendant.
_____/

CASE NO.: 99-8550-Civ-Dimitrouleas

**PLAINTIFF'S MOTION FOR REMAND ON GROUNDS OF DEFECTIVE REMOVAL AND LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, RUSSELL F. BOEHM ("Boehm"), by and through undersigned counsel, hereby moves for remand of this action to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on grounds of defective removal and that this Court lacks subject matter jurisdiction, and additionally moves for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), and as grounds would show:

### Introduction and Procedural History

Boehm initiated this action in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida with the filing of his Complaint on June 11, 1999. The three-count Complaint states claims for age discrimination, sex discrimination, and retaliation in violation of the Florida Civil Rights Act of 1992.

The Complaint alleges that TPI "was a foreign corporation doing business in Palm Beach County." [Complaint, ¶ 5.] The Complaint makes no allegation concerning Boehm's citizenship. The Complaint alleges that "the matter in controversy exceeds $15,000.00, exclusive of interest, costs, and attorneys' fees." [Complaint, ¶ 2.]



Over certificate of service dated July 14, 1999, TPI filed a Notice of Removal removing this action to this Court. The Notice cites several different bases for removal, including federal question jurisdiction, [*see* Defendant's Notice of Removal, at 1 (purporting to remove the case pursuant to 28 U.S.C. § 1331)], supplemental jurisdiction, [*see* Defendant's Notice of Removal, at 1 (purporting to remove the case pursuant to 28 U.S.C. § 1367)], removal based on a civil rights issue, [*see* Defendant's Notice of Removal, at 1 (purporting to remove the case pursuant to 28 U.S.C. § 1443)], and diversity jurisdiction. [*See* Defendant's Notice of Removal, at 2 (purporting to remove the case pursuant to 28 U.S.C. § 1332).] In the Notice, TPI alleges that "this is a civil action wherein the matter in controversy exceeds $75,000." [Defendant's Notice of Removal, at 2.] TPI also alleges that this action is "between citizens of different states." [Notice of Removal, at 2.] TPI alleges that at all relevant times, "Trader Publishing Company "was and is a general partnership comprised of LTM Co., L.P., a Virginia limited partnership, and TPI, a Delaware corporation." [Defendant's Notice of Removal, at 2.]

By *sua sponte* Order dated July 19, 1999, the Court noted an apparent lack of basis for diversity jurisdiction, and ordered TPI to file "affidavits or other documentation" establishing that the amount in controversy in this action exceeds $75,000.00. TPI subsequently filed a Declaration signed by Cindy Mullis, an employee of TPI, attesting to Boehm's final salary with TPI. From that evidence, TPI, through counsel, estimated that the amount in controversy by trial would be in excess of $75,000.00.

TPI's removal is defective on several different grounds. *First*, there is no support for TPI's assertion that the Court has federal question jurisdiction. *Second*, there is no support for TPI's assertion that the court has supplemental jurisdiction. *Third*, there is no support for TPI's

-2-

assertion that this action is removable due to a civil rights issue. *Fourth*, in the absence of allegations as to the principal place of business of TPI, TPI has failed to state a basis for removal based on diversity jurisdiction. *Fifth*, there is no support for TPI's allegation that the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

In the end, however, the facial deficiencies of TPI's removal papers are of little consequence, since Boehm and TPI are both citizens of the State of Georgia: in the absence of complete diversity, this court has no diversity jurisdiction. Consequently, this case should be remanded forthwith, with an award of just costs and actual expenses, including attorneys' fees, Boehm has incurred as a result of TPI's removal.

## Memorandum of Law

### I. The procedure for remand based on defective removal and lack of subject matter jurisdiction

28 U.S.C. § 1441(a) provides that civil actions brought in state court, over which federal courts have original jurisdiction, may be removed to the federal district court for the location in which the state court action is pending. The federal district court will remand the civil action to the state court if it appears, either upon the face of the Notice and its attachments or upon consideration of additional evidence, removal should not be permitted. 28 U.S.C. § 1446(c)(4 and (5).

28 U.S.C. § 1447(c) states, in relevant part, that:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded....

Case law interpreting Section 1447(c) makes clear that the 30-day time limit for filing a motion for remand applies only to remand motions based upon procedural defects in removal, and not to remand motions based upon lack of subject matter jurisdiction. *See, e.g., Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 2054, 141 L.Ed.2d 364 (1998).

## II. The standards for determining whether remand is appropriate

The removal statute, being one which confers jurisdiction on the federal courts, must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-9 (1941); *Hill v. General Motors Corp.,* 654 F. Supp. 61, 62 (S.D. Fla. 1987); *Wofford v. Herbalife International, Inc.,* 643 F. Supp. 186, 187 (S.D. Fla. 1986). Because state sovereignty and the independence of the state court system must be accorded respect, federal courts must exercise jurisdiction only over cases properly removed under the authority granted by Congress. *Alabama Dep't of Environmental Management v. Southern Clay & Energy,* 737 F. Supp. 80, 81-82 (N.D. Ala. 1990).

Thus, there exists a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Coury v. Prot,* 85 F.3d 244, 248 (11th Cir. 1996) (citation omitted). The burden of establishing federal jurisdiction is upon the party seeking removal. *Alexander v. Goldome Credit Corp.,* 772 F. Supp. 1217, 1219 (M.D. Ala. 1991). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3rd Cir. 1985); *Wofford,* 643 F. Supp. at 187.

On a motion to remand, the party originally seeking removal bears the burden of

establishing that removal was proper. *Rogers v. Rucker*, 835 F.Supp. 1410, 1411 (N.D. Ga. 1993) (citation omitted).

### III. **TPI has failed to demonstrate a basis for removal based on federal question jurisdiction**

28 U.S.C. § 1331 provides that a federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." When evaluating a motion to remand, the "federal controversy must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *Id.*, at 1412 (*citing In re Carter*, 618 F.2d 1093, 1100-01 (5th Cir. 1980), *cert. denied sub nom*, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981)).

All three claims in Boehm's complaint are brought pursuant to the Florida Civil Rights Act of 1992, and therefore arise under the laws of the State of Florida. Thus, removal of this action based on 28 U.S.C. § 1331 should not be permitted, and the case should be summarily remanded. *See* 28 U.S.C. § 1446(c)(4).

### IV. **TPI has failed to demonstrate a basis for removal based on supplemental jurisdiction**

28 U.S.C. § 1367 provides, generally, that in any civil action where a federal district court has original jurisdiction, the court also has supplemental jurisdiction over all other claims in the action so related to the claim over which the court has original jurisdiction that the other claims can be said to form the same "case" or "controversy" under Article III of the United States Constitution.

As discussed above and below, the Court does not have original jurisdiction over any of Boehm's claims, which means there is no basis for the Court to exercise supplemental

jurisdiction. Thus, removal of this action based on 28 U.S.C. § 1367 should not be permitted, and the case should be summarily remanded. *See* 28 U.S.C. § 1446(c)(4).

V.      **TPI has failed to demonstrate a basis for removal based on a civil rights issue**

28 U.S.C. § 1443 provides for removal of certain civil actions and criminal prosecutions wherein a defendant's federal equal rights protections are threatened.

To remove a state action under § 1443(1), a defendant must establish that, absent removal from state court, he will be denied "a right under a federal law 'providing for specific civil rights stated in terms of racial equality'" due to an express state constitutional or statutory provision. *See Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975). To remove a state action under § 1443(2), a defendant must show that he was acting in either an official or quasi-official capacity under color of authority derived from federal laws providing for equal rights. *See Forman v. Montgomery*, 245 F.Supp. 17, 22 (M.D. Ala. 1965), *aff'd*, 355 F.2d 930 (11th Cir.), *cert. denied*, 384 U.S. 1009 (1966).

28 U.S.C. § 1443 is a statutory exception to the well-pleaded complaint rule. *Rogers*, 835 F.Supp. at 1412. The allegations of removal petition are scrutinized to determine whether removal is proper under § 1443. *See, e.g., Georgia v. Rachel*, 384 U.S. 780. 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

There are simply no allegations in TPI's Notice establishing that if this action were to remain in the courts of the State of Florida, TPI would be denied any rights under federal law concerning racial equality. Nor are there any allegations in the Notice establishing that TPI has acted in an official or quasi-official capacity under color of a federal law providing for equal rights. Thus, removal of this action based on 28 U.S.C. § 1443 should not be permitted, and the

-6-

case should be summarily remanded. *See* 28 U.S.C. § 1446(c)(4).

## VI. <u>TPI has failed to demonstrate a basis for removal based on diversity jurisdiction</u>

28 U.S.C. § 1332(a) provides that federal district courts have original jurisdiction over civil actions in which the matter in controversy is valued in excess of $75,000 (exclusive of interests and costs) and where the parties are, *inter alia*, citizens of different states. If a plaintiff and a defendant are citizens of the same state, then diversity jurisdiction cannot exist. *E.g., Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969) (discussing complete diversity in the context of removal based on diversity jurisdiction).

For the purposes of determining diversity jurisdiction and removal of actions based on diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated, as well as any state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). For the purposes of determining diversity jurisdiction and removal of actions based on diversity jurisdiction, a partnership is deemed to be a citizen of the states in which its partners are citizens. *Cardem v. Arkoma Assoc.*, 494 U.S. 185, 196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990). For the purposes of determining diversity jurisdiction and removal of actions based on diversity jurisdiction, a natural person is deemed to be a citizen of the state in which he is domiciled. *See Coury*, 85 F.3d at 248.

In cases removed from state to federal court pursuant to diversity jurisdiction, diversity of citizenship must exist both at the time of the filing of the action in state court and at the time of removal of the action to federal court. *Id.*, at 249.

### A. TPI failed to allege the citizenship of the parties, which is required to establish a clear basis for removal on diversity of citizenship

In *Denton v. Wal-Mart Stores, Inc.*, 733 F.Supp. 340 (M.D. Fla. 1990), a defendant filed a petition to remove in which it alleged that the plaintiffs were citizens of Florida and that the defendant was a Delaware corporation; it did not allege the state where the defendant's principal place of business was located. The plaintiffs moved to remand. The Court granted the motion stating:

> To remove an action, the defendant must file a Notice of Removal "containing a short and plain statement of the grounds for removal," 28 USC § 1446(a). . . . Defendant's petition for removal attempts to show that this court has original jurisdiction based on diversity of citizenship of the parties. To do so . . . the petition would have to show that the citizenship of the parties was diverse. . . . A corporation is considered a citizen of any state where it is incorporated as well as of any state where it has its principal place of business . . . .
>
> Defendant's petition for removal . . . is insufficient to confer jurisdiction on this Court because . . . it fails to aver defendant corporation's principal place of business.

*Id.* at 340, 341 (citations omitted). Hence, the case was remanded. *See also, Winters Govern. Sec. Corp. v. Cedar Point State Bank*, 446 F.Supp. 1123, 1126 (S.D. Fla. 1978) (holding that a removal petition which, among other things, contained no allegation of a defendant's principal place of business, if it was a corporation, or citizenship of its members, if it was an association, was insufficient to support diversity jurisdiction so as to render a state action removable, and that a remand was therefore required).

In its Notice, TPI alleged that it was incorporated in the State of Delaware, but did not

allege the location of its principal place of business.[1] Thus, removal of this action based on 28 U.S.C. § 1332 should not be permitted, and the case should be summarily remanded. *See* 28 U.S.C. § 1446(c)(4).

### B. TPI failed to establish that the matter in controversy is valued in excess of $75,000

The amount claimed by the plaintiff in his complaint, not that which is alleged in the defendant's petition for removal, is the jurisdictional amount. *Bonnell v. Seabord A.L.R. Co.*, 202 F.Supp. 53, 54 (N.D. Fla. 1962) (*citing Gaitor v. Peninsular and Occidental Steamship Co.*, 287 F.2d 252 (5th Cir. 1961)).

Boehm alleged in his Complaint only that the matter in controversy exceeds $15,000.00, exclusive of interest, costs, and attorneys' fees. Nonetheless, TPI alleged in its Notice of Removal that the matter in controversy exceeds $75,000. Despite its obligation to prove jurisdiction, the only admissible evidence TPI has presented concerning the amount in controversy is the allegation in the Declaration of Cindy Mullis that Boehm's final rate of pay with TPI was $41,600 per year. TPI's counsel then extrapolates from this lone admissible piece of evidence to argue that the amount in controversy *may be* in excess of $75,000 in the future, a bald assertion little more probative — and, significantly, no more admissible — than the original allegation in the Notice.

Instead, the Court should rely on the amount stated by Boehm in his Complaint, which is less than the jurisdictional amount. Thus, removal of this action based on 28 U.S.C. § 1332

---

[1] Nor did TPI allege the citizenship of the partners of LTM Co., L.P., which, if any are corporations, will be citizens of both their state of incorporation and principal place of business.

should not be permitted, and the case should be summarily remanded. *See* 28 U.S.C. § 1446(c)(4).

VII. **Because there is no diversity of citizenship, there is no original jurisdiction, and this matter must be remanded for lack of subject matter jurisdiction**

Federal common law determines whether a person is a citizen of a particular state for the purposes of diversity jurisdiction. *Coury*, 85 F.3d at 248. To determine jurisdiction, a court may look to any record evidence, affidavits, live or deposition testimony concerning the facts underlying the citizenship of the parties. *Id.*, at 249.

To determine a litigant's domicile, a court must address a variety of factors, none of which is determinative. *Id.*, at 251. A court should look to all evidence indicative of a litigant's intention to establish domicile, including, but not limited to, the litigant's statement of intent and the place where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business, and maintains a home for his family. *Id.* A change in domicile requires the concurrence of 1) physical presence in a new location and 2) an intent to remain there indefinitely. *Id.*, at 250. While a party attempting to show a change in domicile has the burden of coming forward with evidence to that effect, the ultimate burden on the issue of jurisdiction always rests with the party invoking federal jurisdiction. *Id.*

While TPI is incorporated in Delaware, its principal place of business is Atlanta, Georgia. [*See* Corporate Detail Record Screen for TPI, INC., Florida Division of Corporations/Ex. A.] Thus, pursuant to 28 U.S.C. § 1332(c)(1), TPI is a resident of the State of Georgia.

Boehm was a citizen of the State of Georgia both at the time of the commencement of

this action, June 11, 1999, and at the time of its removal, July 14, 1999. [*See generally* Affidavit of Russell F. Boehm/Ex. B.] Boehm moved his family to Georgia on May 5, 1999, and has resided there with his family ever since. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 2, 3, 10.] All of his personal property is located in Georgia, and he owns no personal or real property outside of Georgia. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 2, 17.] Since May 5, he has held two full-time jobs in Georgia and has leased two residences in Georgia. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 3, 4, 9, 10, 11.] He has a Georgia driver's license and is registered to vote in Georgia. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 15, 16.] He has a checking account in Georgia. [Affidavit of Russell F. Boehm/Ex. B, ¶ 6.] He has paid utility deposits in Georgia, taken out a Georgia automobile insurance policy, and obtained two local telephone numbers in Georgia. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 5, 7, 12, 13, 14.] Boehm is signed to a one-year lease for his current residence, and has enrolled his minor son in a Georgia public school for the upcoming school year. [Affidavit of Russell F. Boehm/Ex. B, ¶¶ 8, 11.] Boehm intends to live in Georgia with his family indefinitely. [Affidavit of Russell F. Boehm/Ex. B, ¶ 18.]

Because Boehm and TPI are citizens of the same State, Georgia, there is no diversity, and thus no subject matter jurisdiction under 28 U.S.C. § 1332. Since there are no other bases for this Court to exercise original jurisdiction over this action, the Court has no subject matter jurisdiction, and this matter should be remanded forthwith.

### VIII. Boehm is entitled to an award of just costs and actual expenses, including attorneys fees, incurred as a result of TPI's removal

Section 1447(c) of the United States Code states the court, in remanding an action, may "require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal."

Bad faith does not have to be demonstrated in order to recover fees and costs. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993); *Liebig v. Dejoy*, 814 F. Supp. 1074, 1077 (M.D. Fla. 1993) ("[T]he intent of the statute is to reimburse plaintiffs who have incurred expenses in attacking improper removals").

Boehm and his counsel have spent a substantial number of hours addressing and responding to TPI's removal of this action, and will spend more. Accordingly, this Court should enter, pursuant to 28 U.S.C. §1447(c), an order awarding Boehm his just costs and actual

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

expenses, including attorneys fees, incurred as a consequence of TPI's removal.

## Conclusion

WHEREFORE, based on the arguments presented and authority cited above, Plaintiff respectfully requests that the court remand this cause to the state court in its entirety, and award Plaintiff his just costs and actual expenses, including attorneys fees, incurred as a consequence of Defendant's removal.

        Respectfully submitted,

        GUNSTER, YOAKLEY, VALDES-FAULI
          & STEWART, P.A.
        777 S. Flagler Drive, Suite 500 East
        West Palm Beach, FL 33401
        Telephone: (561)655-1980
        Facsimile: (561)655-5677
        Attorneys for Plaintiff

By: _____
        G. JOSEPH CURLEY
        Florida Bar No. 571873
        WALTER W. PALMER
        Florida Bar No. 0058051

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by [ ] U.S. Mail and/or [ ] Facsimile to Amy Littrell, Esq., Ford & Harrison, 101 E. Kennedy Blvd., Suite 900, Tampa, FL 33602, this 13th day of August, 1999.

_____
Walter W. Palmer

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Northern Division

RUSSELL F. BOEHM,

        Plaintiff,                       CASE NO.: 99-8550-Civ-Dimitrouleas

vs.

TPI, INC., d/b/a Trader Publishing        **ORDER ON PLAINTIFF'S MOTION**
Company, a/k/a Trader Publications, Inc.,  **FOR REMAND ON GROUNDS OF**
a foreign corporation,                          **DEFECTIVE REMOVAL AND LACK**
                                                                    **OF SUBJECT MATTER**
                                                                    **JURISDICTION**

        Defendant.
_____/

        THIS MATTER, having come before the Court on Plaintiff's Motion for Remand on Grounds of Defective Removal and Lack of Subject Matter Jurisdiction, the Court, having reviewed the Motion, and being duly advised in the premises, hereby

        ORDERS AND ADJUDGES that Plaintiff's Motion is hereby **GRANTED**.

_____

_____

_____.

        DONE AND ORDERED in Chambers this _____ day of _____, 1999, at Ft. Lauderdale, Florida.

                                                    _____
                                                    WILLIAM P. DIMITROULEAS
                                                    UNITED STATES DISTRICT COURT JUDGE

**COPIES FURNISHED TO:**

**G. Joseph Curley, Esq.**
**Walter W. Palmer, Esq.**
Gunster, Yoakley, et al
P.O. Box 4587
West Palm Beach, FL 33402-4587

**Edmund J. McKenna, Esq.**
**Amy W. Littrell, Esq.**
Ford & Harrison, LLP
101 E. Kennedy Boulevard
Suite 900
Tampa, Florida 33602

440996.1

Corporate Inquiry Menu

http://ccfcorp.dos.state.fl.us/cgi-bin/corpweb...Search=CORICHR&Menu=COR&txtSearchString=P20223

## Florida Division of Corporations Public Access

**Corporate Inquiry Menu:**
Please select an inquiry type from the list below, then enter a search key in the search field. Press **SEARCH** to begin the search.

**Inquiry by:**
- ○ Corporation / Trademark Name
- ○ Officer / Registered Agent Name
- ○ Registered Agent Name
- ○ Trademark Owner Name
- ○ FEI Number
- ○ Document Number
- ○ Trademark Name

**Search String:**
[                    ]

[Search]    [HomePage]

```
8/13/99                    CORPORATE DETAIL RECORD SCREEN              7:38 PM
NUM: P20223           ST:DE  ACTIVE/FOREIGN PROF  FLD: 07/26/1988
LAST: NAME CHANGE AMENDMENT                       FLD: 03/29/1991
FEI#: 58-1795482
NAME     : TPI, INC.
NH: 1
PRINCIPAL: 1400 LAKE HEARN DRIVE, N.E.
ADDRESS   ATTN: CORPORATE TAX DEPT.
          ATLANTA, GA 30319
RA NAME  : CORPORATION SERVICE COMPANY             NAME CHG: 02/11/99
RA ADDR  : 1201 HAYS STREET                        ADDR CHG: 02/11/99
           TALLAHASSEE, FL 32301 US
ANN REP  : (1997) BY 04/22/97    (1998) AY 04/24/98    (1999) A 04/20/99

Officers  Events  Names

----- THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT -----
Document, Image
```

## AFFIDAVIT OF RUSSELL F. BOEHM

STATE OF GEORGIA      )
                      )ss:
COUNTY OF HALL        )

I, RUSSELL BOEHM, being duly sworn, depose and say as follows:

1. I am over 18 years of age, am competent to make this affidavit, and do so of my own personal knowledge.

2. My minor son and I relocated our residence and home from 9676-A Boca Gardens Parkway, Boca Raton, Florida 33496, to 312 Mount Olive Church Road, Dahlonega, Georgia 30533, on or about May 5, 1999. That day we carried all of our personal belongings with us in a rented truck I drove from Florida to Georgia. Those personal belongings have remained in Georgia ever since, either in our residence or in storage.

3. Commencing on or about May 5, 1999, I rented a single-family residence at 312 Mount Olive Church Road pursuant to an oral agreement with the owners of the residence.

4. I began full-time employment with Austin's Nutrition Center in Gainesville, Georgia on or about May 15, 1999. As part of my paperwork for Austin's, I completed a State of Georgia income tax deduction form.

5. On or about June 1, 1999, I obtained a local telephone number in my name for 312 Mount Olive Church Road.

6. On or about June 15, 1999, I opened a checking account in a local bank.

7. On or about June 15, 1999, I initiated an automobile insurance policy for the State of Georgia.

8. On or about July 1, 1999, I registered my minor son with a Hall County, Georgia school for the upcoming school year.

9. On or about July 20, 1999, I began working full-time for Commerce Mortgage in Clermont, Georgia.

10. On or about July 22, 1999, my minor son and I relocated our residence and home from 312 Mount Olive Church Road to 327 King Street, Clermont, Georgia 30527, which remains our residence and home today.

11. I signed a one year lease for 327 King Street, and am required to pay one month's rent as deposit in addition to my monthly rental payments.

12. On or about July 22, 1999, I paid a deposit to the City of Clermont for water service at 327 King Street.

13. On or about August 1, 1999, I paid a deposit to Georgia Power for electric service at 327 King Street.

14. On or about August 1, 1999, I obtained a local telephone number in my name at 327 King Street.

15. On or about August 5, 1999, I registered to vote in Georgia.

16. On or about August 5, 1999, I obtained a Georgia driver's license.

17. I own no real or personal property located outside the State of Georgia.

18. I intend to live with my minor son in Georgia indefinitely.

FURTHER, AFFIANT SAYETH NAUGHT.

I DECLARE that the above and foregoing is true and correct to the best of my knowledge.

_____
RUSSELL F. BOEHM

Sworn to and subscribed before me this __11__ day of __AUGUST__, 1999 by RUSSELL BOEHM, who [✓] is personally known to me or [ ] has produced the following identification __GA. DRIVERS LICENSE__ which is current or has been issued within the past five years and bears a serial or other identifying number.

Notary Public
Print Name: __B.A. MALTBIE__
Commission Number:
My Commission Expires:

B.A. MALTBIE
Notary Public Dawson County, Georgia
My Commission Expires September 7, 2002

(Notary Seal)

440174/19411.09